IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br>Plaintiff,<br><br>v.<br><br>**GABRIEL LOPEZ-MORALES,**<br>Defendant. | Criminal No. 23-272 (FAB) |

**REPORT AND RECOMMENDATION**
**ON RULE 11(c)(1)(B) PLEA HEARING**

I. **Procedural Background**

The United States Attorney's Office informed the Court that Defendant Gabriel López-Morales agreed to waive prosecution by Indictment. The matter was referred to the undersigned for a hearing on waiver of indictment, filing of information, and Rule 11 proceedings. A hearing on waiver of indictment was held on July 17, 2023. The Information was approved by the Court. Docket No. 2. The Information charges Defendant Gabriel López-Morales with one count of theft of mail by postal employee and one count of delay or destruction of mail.

Count one of the Information charges that, on or about October 31, 2022, in the District of Puerto Rico and within the jurisdiction of this Court, Gabriel López-Morales being a United States Postal Service officer and employee, did unlawfully steal a United States Postal Service Priority Mail Express package, with tracking number: 9270 1902 9402 7000 0587 82, 9 inches length, 6 inches width, 4 inches height, 1.35 oz(s) weight, and color brown which contained an iPhone 14 Pro Black, 256GB, IMEI 35 582226 231050 9, entrusted to him, and which came into his possession and was intended to be conveyed by mail and carried and delivered by any carrier or other employee of the United States Postal Service, and forwarded through and delivered from any post office or station thereof established by authority of the Postmaster General of the Postal Service. All in violation of 18 U.S.C. § 1709.

USA v. López-Morales.
Cr. No. 23-272 (FAB)
Report and Recommendation on Guilty Plea

Count Two of the Information charges that, on or about October 31, 2022, in the District of Puerto Rico, and within the jurisdiction of this Court, Gabriel López-Morales, being a United States Postal Service officer and employee, did unlawfully open a United States Postal Service Priority Mail Express package, with tracking number: 9270 1902 9402 7000 0587 82, 9 inches length, 6 inches width, 4 inches height, 1.35 oz(s) weight, and color brown, entrusted to him, and which came into his possession and was intended to be conveyed by mail and carried and delivered by any carrier or other employee of the United States Postal Service, and forwarded through and delivered from any post office or station thereof established by authority of the Postmaster General of the Postal Service. All in violation of 18 U.S.C. § 1703(a).

The United States of America and Defendant entered into a Plea and Forfeiture Agreement. Docket No. 4. Pursuant to the plea agreement, Defendant agreed to plead guilty to Counts One and Two of the Information. On July 17, 2023, Defendant appeared before this Court for a plea hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. See United States v. Woodward, 387 F. 3d. 1329 (11th Cir. 2004) (holding that a magistrate judge may, with the defendant's consent, conduct a Rule 11 change of plea hearing). Defendant was advised of the purpose of the hearing and placed under oath with instructions that his answers must be truthful because otherwise he could be charged with perjury.

II.     **Consent to Proceed Before a Magistrate Judge**

Defendant was advised of his right to hold all proceedings, including the plea hearing, before a district court judge. An explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge was provided. Defendant was informed that, if he elects to proceed before a magistrate judge, the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to the review and approval of the district judge.

Defendant was provided with a *Waiver of Right to Trial by Jury*, which he signed prior to the hearing. Docket No. 3. Defendant validated his signature and informed that his attorney had explained the document before signing the same. The Court thus found that Defendant voluntarily consented to proceed before a magistrate judge and approved Defendant's consent.

III.    **Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal crime violations. Pursuant to Rule 11, for a plea of guilty to constitute a valid waiver of

USA v. López-Morales.
Cr. No. 23-272 (FAB)
Report and Recommendation on Guilty Plea

the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández Wilson, 186 F. 3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea'". United States v. Cotal-Crespo, 47 F. 3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U. S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea.

### A. Competence to Enter a Guilty Plea

The Court questioned Defendant about his age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs or alcohol, and his understanding of the purpose of the hearing, to ascertain his capacity to understand, answer and comprehend the Rule 11 plea colloquy. The Court confirmed that Defendant received the Information and fully discussed the charges with his attorney, and that he was satisfied with the advice and representation he received. The Court further inquired whether Defendant's counsel or counsel for the Government had any reservations as to Defendant's competency to plead, receiving answers that Defendant was competent to enter a plea. After considering Defendant's responses, and observing his demeanor, a finding was made that Defendant was competent to plead and fully aware of the purpose of the hearing.

### B. Voluntariness

Upon questioning, Defendant confirmed that no one made promises or assurances of any kind in exchange for his guilty plea. Defendant indicated that he was not being induced to plead guilty, that he was entering such plea freely and voluntarily because he is guilty, and that no one has threatened him or offered a thing of value in exchange for his plea. Defendant understood that the offenses to which he is pleading guilty are felonies and that, if the plea is accepted, he will be adjudged guilty of those offenses, and that such adjudication may deprive him of valuable civil rights, such as the right to vote in a federal election, the right to hold public office, the right to serve on a jury, and the right to possess a firearm.

Throughout the hearing, Defendant was free to consult with his attorney or to seek clarification from the Court. He confirmed that his agreement to plead guilty was made knowingly and voluntarily.

Case 3:23-cr-00272-FAB   Document 9   Filed 07/18/23   Page 4 of 7

USA v. López-Morales.
Cr. No. 23-272 (FAB)
Report and Recommendation on Guilty Plea

### C. Maximum Penalties

Defendant expressed his understanding of the statutory maximum penalties for the offenses to which he was pleading guilty. Counts One and Two of the Information carry a term of imprisonment of not more than five (5) years, a fine not to exceed two hundred and fifty thousand dollars ($250,000.00), and a term of supervised release of not more than three (3) years. In addition, a Special Monetary Assessment of one hundred dollars ($100.00) per count of conviction would be imposed, to be deposited in the Criminal Victims Fund pursuant to Title 18, United States Code, Section 3013(a). Defendant indicated that he understood the maximum penalties for Counts One and Two of the Information, that the offenses charged are felonies, and the potential consequences of the guilty plea, such as the deprivation of certain valuable rights.

The Court then explained the nature of supervised release and the consequences of violating the conditions of supervised release. Specifically, Defendant was informed that, if supervised release is revoked, he may be required to serve an additional term of imprisonment up to the full term of supervised release originally imposed by the Court. And that, if he is currently on supervised release in a different case than the one object of the Information here, his plea of guilty, if accepted, could result in negative consequences, such as the revocation of his supervised release in that other case.

The Court further advised Defendant that in certain cases the Court may also order, or be required to order, that Defendant pay restitution to any victim of the offenses. Defendant was also advised that the Court may also require him to forfeit certain property to the Government, as required in the forfeiture provision of the plea agreement. Defendant was also informed that any sentence imposed in this case could be imposed to run concurrently or consecutively to any sentence he may be currently serving in another case.

### D. Sentencing Procedure

Defendant was informed that, in determining his sentence, the District Judge is required to consider, but not necessarily follow, the Sentencing Guidelines. Defendant confirmed that he discussed with his attorney how the Sentencing Guidelines might apply to this case. Defendant was specifically informed that the Court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate provided by his attorney or expected by him, and that the Court had the authority to impose a sentence that is more severe or less severe than

Case 3:23-cr-00272-FAB   Document 9   Filed 07/18/23   Page 5 of 7

USA v. López-Morales.
Cr. No. 23-272 (FAB)
Report and Recommendation on Guilty Plea

the sentence called for by the Sentencing Guidelines. Defendant was advised, and informed to have understood, that the Sentencing Guidelines are thus considered advisory, and that during sentencing the District Court will consider the sentencing criteria found at Title 18, United States Code, Section 3553(a), which include the seriousness of the offenses, the need for deterrence of criminal conduct, the need to protect the public from further crimes, the need to provide Defendant with educational or vocational training, or medical care, and the need to provide restitution to any victims.

Defendant was advised that parole has been abolished and that, if he is sentenced to prison, he will not be released on parole. Further, Defendant was advised of his right to appeal and that, under some circumstances, he or the Government may have the right to appeal the sentence imposed by the Court. But that, pursuant to his plea agreement, he is waiving his right to appeal both the judgment and sentence imposed by the Court, if the Court accepts his plea agreement and sentences him to a term of probation of six (6) months or less. Defendant informed that he understood his right to appeal and that he voluntarily agreed to this waiver.

### E.  Waiver of Constitutional Rights

Defendant was specifically advised that he has the right to persist in a plea of not guilty and that, if he does, he has the right to a speedy trial by jury, or trial before a judge sitting without a jury if the Court and the Government so agree; that at trial he would be presumed innocent and the Government would have to prove his guilt beyond a reasonable doubt; that he would have the right to the assistance of counsel for his defense, and that, if he could not afford one, an attorney would be appointed to represent him throughout all stages of the proceedings; that at trial he would have the right to hear and cross examine all witnesses, the right to issue subpoenas or to compel the attendance of witness to testify, and the right to testify or to remain silent. Defendant was further advised that if he decided not to testify or put on evidence at trial, the failure to do so could not be used against him, and that at trial the jury would have to return a unanimous verdict before he could be found guilty or not guilty.

Defendant specifically acknowledged understanding these rights. He reaffirmed his understanding that by entering a plea of guilty there would be no trial and he would be waiving or giving up the rights that the Court explained.

Case 3:23-cr-00272-FAB   Document 9   Filed 07/18/23   Page 6 of 7

USA v. López-Morales.
Cr. No. 23-272 (FAB)
Report and Recommendation on Guilty Plea

### F. Offenses Charged and Factual Basis for the Guilty Plea

Defendant was read in open court Counts One and Two of the Information. Defendant was also provided an explanation of the elements of the offenses. Defendant expressed that he understood the elements of the offenses and what the Government would have to prove beyond a reasonable doubt if he were to go to trial. The Government explained the factual basis for the offenses and the evidence it would present if this case were to proceed to trial. Upon questioning, Defendant admitted to the facts, constituting all the elements of the offenses charged. Defendant admitted that he was pleading guilty because he is in fact guilty. Defendant pled guilty as to Counts One and Two of the Information.

### IV. Conclusion

Defendant appeared before me, by consent, pursuant to Rule 11 of the Federal Rules of Criminal Procedures and entered a plea of guilty as to Counts One and Two of the Information.

After cautioning and examining Defendant under oath and in open court concerning each of the subject matters in Rule 11, the Court finds that the defendant, **Gabriel López-Morales**, is fully competent and capable of entering this guilty plea, is aware of the nature of the charges and the maximum statutory penalties these carry, understands that the charges are supported by evidence and a basis in fact, has admitted to the elements of the offenses, and has done so in an intelligent and voluntary manner with knowledge of the consequences of his guilty plea.

I recommend that the Court accept the guilty plea and that Defendant be adjudged guilty as to Counts One and Two of the Information.

**IT IS SO RECOMMENDED.**

This Report and Recommendation is issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 72 (d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed within fourteen (14) days of its receipt. Failure to file timely and specific objections to the Report and Recommendation is a waiver of the right to review by the District Judge. <u>United States v. Valencia-Copete</u>, 792 F. 2d 4 (1st Cir. 1986).

Case 3:23-cr-00272-FAB   Document 9   Filed 07/18/23   Page 7 of 7

USA v. López-Morales.
Cr. No. 23-272 (FAB)
Report and Recommendation on Guilty Plea

**A sentencing hearing is to be held on October 16, 2023, at 9:00 a.m. before Hon. Francisco A. Besosa.**

In San Juan, Puerto Rico, this 18th day of July 2023.

                                            s/Giselle López-Soler
                                            GISELLE LÓPEZ-SOLER
                                            United States Magistrate Judge